UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Ryan Lean | |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS (Filed 07/20/2015)[11]

## I. INTRODUCTION

On May 29, 2015 plaintiff Tiffany Lee, proceeding *pro se*, filed the instant suit against defendants JPMorgan Chase Bank, N.A. ("Chase"), successor in interest to Westlend Financing, Inc. ("Westlend"); Wells Fargo Bank, N.A.("Wells Fargo"); Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2007-AR5 ("Bear Stearns Trust"); California Reconveyance Company ("CRC"); Wanda Chapman ("Chapman"); Michael Jenkins ("Jenkins"); Colleen Irby ("Irby"); C. Lucas ("Lucas"); and Does 1 through 10 (collectively, "defendants"). Dkt. No. 1.

Plaintiff asserts the following claims: (1) declaratory relief; (2) violation of 15 U.S.C. section 1692(e) (the "FDCPA"); (3) wrongful foreclosure; (4) Glaski claim for wrongful foreclosure; (5) violations of California Business & Professions Code Section 17200 (the "UCL"); (6) violation of a consent judgment and California Law AB 278/SB 900; (7) fraud; and (8) quiet title. Compl. The gravamen of plaintiff's complaint is that defendants wrongfully foreclosed upon her property because they initiated foreclosure proceedings without the legal right to do so.

On July 10, 2015 defendants filed a motion to dismiss the complaint. Dkt. No. 11. Plaintiff did not timely file an opposition and defendants filed a reply to plaintiff's non-opposition on September 4, 2015. Dkt. 14. Plaintiff filed an opposition on September 4, 2015, Dkt. 15, and defendants' filed a sur-reply to that opposition on September 15, 2015, Dkt. 17. The Court held a hearing on September 21, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

## II. BACKGROUND[1]

### A. Plaintiff's Loan and Foreclosure of the Subject Property

On or about March 19, 2007, plaintiff obtained a $920,000 loan secured by a deed of trust on her property located at 328 S. Sycamore Avenue, Los Angeles, CA 90036 (the "Subject Property"). Compl. ¶¶ 4, 19. Under the deed of trust, Stewart Title of California ("Stewart Title") was named as the trustee, Westlend as the lender, Mortgage Electronic Registration Systems ("MERS") as the beneficiary, and plaintiff as the borrower. RJN Ex. 2. Subsequently, Chase acquired the servicing rights to plaintiff's loan. See Compl. ¶¶ 6 29. In this action and in several other actions involving the foreclosure of the Subject Property, Chase is named as the "successor in interest" to Westlend. See Compl. ¶ 6; RJN Ex. 10; RJN Ex. 12; RJN Ex. 14. On June 20, 2011 MERS assigned its beneficial interest under the deed of trust to the Bear Stearns Trust. RJN Ex. 4.

Plaintiff successfully made her monthly mortgage payments for over two years, until April 2009 when she first failed to make a monthly payment. Compl. ¶¶ 23-24. Subsequently, plaintiff applied for a loan modification and engaged in a series of negotiations for a loan modification with Chase. Compl. ¶¶ 24, 27. Nonetheless, plaintiff was ultimately unable to maintain her loan payments.

---

[1] The relevant facts are drawn from the complaint and defendants' request for judicial notice. Defendants request that the Court take judicial notice of various documents that were recorded with the Los Angeles County Recorder's Office in connection with plaintiff's mortgage as well as court documents from plaintiff's previous actions in the Superior Court for the State of California. Dkt. 12, Request for Judicial Notice ("RJN"). Plaintiff has not objected to defendants' request for judicial notice. Furthermore, "under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court takes judicial notice of the documents in defendants' request for judicial notice because they are matters of public record, but does not accept them for the truth of the matters asserted therein. See also Munguia v. Wells Fargo Bank, N.A., 2015 WL 1475996, at *1, n.1 (C.D. Cal. Mar. 30, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

On August 15, 2012 Irby executed a substitution of trustee, naming CRC as the new trustee under the deed of trust. RJN Ex. 5. On August 16, 2012 Chase recorded a notice of default. RJN Ex. 6. A notice of trustee's sale was recorded on November 19, 2012, which initiated the foreclosure proceedings. RJN Ex. 7. A foreclosure sale of the Subject Property was executed on December 10, 2012. Compl. ¶ 32. Plaintiff alleges that during these events none of the defendants possessed the legal right to either collect on her loan or initiate foreclosure proceedings.

**B.     Procedural History**

On December 7, 2012 plaintiff filed suit in the Superior Court of the State of California (the "First Action") against Westlend, MERS, Wells Fargo, John Cody, Chapman, Irby, Shoua Moua, Jenkins, and Lucas (collectively, the "First Action defendants"). RJN Ex. 9. Plaintiff asserted claims for: (1) lack of standing; (2) deceit and intentional misrepresentation; (3) slander of title; (4) violation of California Civil Code Section 2932.5; (5) violation of the UCL; (6) violation of Code of Civil Procedure Section 726; and (7) declaratory relief. All of these claims arose out of the alleged wrongful foreclosure of the Subject Property by the First Action defendants. In brief, plaintiff alleged that the First Action defendants lacked the legal right to foreclose upon the Subject Property because they had not properly securitized her mortgage and had not properly assigned her note and mortgage to subsequent parties. See, e.g., RJN Ex. 9, at ¶ 5 ("Defendants, and each of them, cannot establish possession and proper transfer and/or endorsement of the Promissory Note and proper assignment of the Deed of Trust"); Id. at ¶ 64 ("Defendants . . . did not properly comply with the terms of Defendants' own securitization requirements."); Id. at ¶ 67("Defendants . . . have illegally commenced foreclosure").

On February 23, 2013 the First Action defendants filed a demurrer to plaintiff's complaint. RJN Ex. 10. On April 18, 2013 the Superior Court issued an order sustaining defendants' demurrer as to all of plaintiff's claims without prejudice and granting plaintiff twenty days to amend her complaint. Id. Plaintiff did not amend her complaint, and on June 25, 2013, the Superior Court issued an order dismissing plaintiff's complaint with prejudice. RJN Ex. 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

On October 17, 2013 plaintiff filed another complaint regarding the Subject Property in the Los Angeles Superior Court (the "Second Action") against Wells Fargo, the Bear Stearns Trust, MERS, and CRC (collectively, the "Second Action defendants"). RJN Ex. 12. Plaintiff asserted claims for: (1) wrongful foreclosure; (2) cancellation of instruments in violation of California Civil Code § 3412; (3) quiet title; and (4) violation of the UCL. Id. On September 15, 2014 plaintiff voluntarily dismissed the Second Action without prejudice. RJN Ex. 13.

On September 17, 2014 plaintiff filed another complaint regarding the Subject Property in the Los Angeles Superior Court (the "Third Action") against Wells Fargo, Chase, CRC, Chapman, Jenkins, Irby, and Lucas (collectively, the "Third Action defendants"). RJN Ex. 14. Plaintiff asserted claims for: (1) fraud; (2) violations of the Rosenthal Act; (3) wrongful foreclosure; (4) declaratory and injunctive relief; (5) violations of the UCL; and (6) quiet title. Id. The Third Action defendants filed a demurrer to plaintiff's complaint arguing, *inter alia*, that plaintiff's claims were barred by the doctrine of res judicata by virtue of the Superior Court's dismissal with prejudice of her complaint in the First Action. RJN Ex. 15. On May 29, 2015 plaintiff voluntarily dismissed the Third Action without prejudice. RJN Ex. 18. Plaintiff filed the present action on the same day. See Compl.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee, 250 F.3d at 689.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

IV.     DISCUSSION

   A.     Res Judicata

Defendants argue that the Superior Court's judgment in the First Action bars plaintiff's claims in the instant suit under the doctrine of res judicata. "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

*raised* in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002) (internal quotation marks omitted) (italics in original). When an argument for application of res judicata is predicated on a state court judgment "the [c]ourt applies the res judicata and collateral estoppel rules of [that] state." Lodin v. Bank of America, N.A., 2014 WL 296927, *2 (N.D.Cal.2014); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a state-court judgment as another court of that state would give.") (internal quotation marks omitted). California courts apply res judicata when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010) (internal quotation marks omitted).

### 1.    Identical Claims

In determining whether the same claim has been raised for purposes of res judicata, California courts apply the "primary rights" theory, "under which the invasion of one primary right gives rise to a single cause of action." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975) (citation and internal quotation marks omitted). See also Acuña v. Regents of the Univ. of Cal., 56 Cal. App. 4th 639, 648 (Cal. Ct. App. 1997) ("[T]wo actions constitute a single cause of action if they both affect the same primary right.").

Accordingly, the Court must determine whether the First Action and the present action seek to redress the same primary right. "In determining the primary right, 'the significant factor is the harm suffered.'" Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896, 904 (Cal. Ct. App. 1992) (citations omitted); see also San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir.2009) ("[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.").

Here, in both actions plaintiff alleges, due to various procedural defects, that defendants lacked the legal right to foreclose upon her property. Moreover, in both actions plaintiff's claims involved the same property and the same allegedly defective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

foreclosure process. Accordingly, all of plaintiff's claims in both the First Action and the present action seek redress for the same primary right — title to the Subject Property based on alleged defects in the foreclosure process. See also Mendaros v. JPMorgan Chase Bank, N.A., 2014 WL 3373447, at *4 (N.D. Cal. Jul. 9, 2014) (state and federal lawsuits involved the same primary right, "the right to be free from an unlawful foreclosure."); Thomas v. Bank of America, N.A., 2013 WL 3992999, at *6 (S.D. Cal. Aug. 5, 2013) ("The primary right is Plaintiff's property right to the subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property.").

While plaintiff raises several additional claims in the present action, "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobile Home Park Ass'n, 989 F.2d at 364. Therefore, because all of the claims in the present action involve the same primary right as plaintiff's claims in the First Action, there is an identity of claims for res judicata purposes. See also Poulson v. Bank of America Nat. Ass'n, 2015 WL 756949, at *4 (C.D. Cal. Feb. 23, 2015) ("The fact that plaintiffs may have recast their theories or added additional facts in the present action does not change the outcome."); Rodriguez v. Bank of New York, 2014 WL 229274, at *6 ("Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right.").

### 2. Final Judgment on the Merits

The second requirement for res judicata to apply is that there is a final judgment on the merits. People v. Scott, 85 Cal. App. 4th 905, 919 (2000) ("[I]n order for res judicata or collateral estoppel to apply there must be a final judgment or determination of an issue; that is, a judgment or determination that is final in the sense that no further judicial act remains to be done to end the litigation.").

Here, in the First Action defendants filed a demurrer to plaintiff's complaint. RJN Ex. 10. This demurrer was sustained without prejudice and plaintiff was given twenty days to amend her complaint. Id. When plaintiff failed to do so the state court entered an order dismissing the First Action with prejudice as to all claims. RJN Ex. 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'    JS-6

| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

Courts have routinely held that pursuant to California law sustaining a general demurrer and dismissing a case with prejudice constitutes a judgment on the merits. See, e.g., Mohsenzadeh v. JPMorgan Chase Bank, N.A., 2015 WL 1346130, at *5 (S.D. Cal. Mar. 25, 2015) ("A general demurrer has been held to be a judgment on the merits for purposes of res judicata and collateral estoppel in California state and federal courts."); Moore v. Navarro, 2004 WL 783104, at *6 (N.D. Cal. Mar. 31, 2004) ("[T]he judgment sustaining the demurrer to [plaintiff's] state court action was a judgment on the merits"). Furthermore, courts have found that "[a] final judgment for failure to amend [a] defective complaint . . . constitutes a judgment on the merits and is final." See Bramblia v. Wells Fargo, 2012 WL 5383306, at *5 (N.D. Cal. Nov. 1, 2012) (citing Otsworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 457 (1985). Accordingly, the Superior Court's order dismissing the First Action constitutes a final judgment on the merits.

### 3. Privity of Parties

Finally, for res judicata to apply, the defendants in the present action must be identical to or in privity with the defendants in the First Action. Boeken, 48 Cal.4th at 797. Privity may be established by "a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights." Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069 (1998).

Here, defendants Wells Fargo, Chapman, Jenkins, Irby, and Lucas, were named in the First Action. Furthermore, while Chase, the Bears Stearns Trust, and CRC were not named in the First Action, each of these defendants holds a successive interest in either the subject property or plaintiff's loan. CRC is the current trustee under the deed of trust and Chase is the successor to Westlend, the original lender for plaintiff's loan. Furthermore, the Bear Stearns Trust obtained an assignment of MERS interest in plaintiff's loan. Accordingly, all of the defendants in the present action are either the same or in privity with the defendants in the First Action. See also Janson v. Deutsche Bank National Trust Co., 2015 WL 1250092, at *10 (N.D. Cal. Mar. 18, 2015) (privity requirement satisfied where "Plaintiff [sued] all of the Defendants because of their relationship to his mortgage"); O'Connor v. Nationstar Mortgage, L.L.C., 2014 WL 1779338, at *8 ("Nationstar obtained an assignment of the deed of trust to the property from Aurora, which was a named defendant in the state court action . . . Nationstar is, therefore, in privity with Aurora for the purposes of res judicata.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-04061-CAS(GJSx) | Date | September 21, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A., ET AL. | | |

Therefore, because defendants have established all three elements of res judicata, plaintiff claims are barred on the basis of claim preclusion.[2]

## V. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss plaintiff's complaint is GRANTED with prejudice.

IT IS SO ORDERED.

00 : 02

Initials of Preparer    CMJ

---

[2] Plaintiff argues that the fraud exception to res judicata should apply in this case and, therefore, her claims are not barred. In support of this proposition, plaintiff cites Resolute Insurance Co. v. State of North Carolina, a Fourth Circuit opinion in which the court stated that a "federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud." 397 F.2d 586, 589 (4th Cir. 1968). However, it is not clear that either the Ninth Circuit or California state courts have recognized a fraud exception to res judicata. See Bailey v. U.S., 42 Fed. Appx. 79, 79 (9th Cir. 2002) ("Even assuming that there is a general fraud exception to the rules of claim preclusion, [plaintiff] does not fall within the exception."). Moreover, plaintiff has produced no evidence to suggest that defendants obtained a judgment in the First Action by way of fraud. See Opp'n., at 6-8. Rather, plaintiff appears to argue that in a series of unrelated cases Chase used fraud to obtain consent judgments. Id. at 7-8. Plaintiff provides no basis for these allegations and, in any event, they have no bearing on whether Chase used fraud to obtain a judgment in the First Action. Accordingly, to the extent there is a fraud exception to res judicata it does not apply in plaintiff's case. See also Resolute Ins. Co., 397 F.2d at 589 ("[T]here is no basis in the instant case [to apply the fraud exception] …This case is a thinly veiled attempt to thwart the process of dispensing justice by relitigating matters which have been decided by a court of competent jurisdiction.").