UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-4061-CAS(GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 22, October 23, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I.   INTRODUCTION & BACKGROUND

On May 29, 2015, plaintiff Tiffany Lee, proceeding *pro se*, filed the instant suit against defendants JPMorgan Chase Bank, N.A. ("Chase"), successor in interest to Westlend Financing, Inc. ("Westlend"); Wells Fargo Bank, N.A.("Wells Fargo"); Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2007-AR5 ("Bear Stearns Trust"); California Reconveyance Company ("CRC"); Wanda Chapman ("Chapman"); Michael Jenkins ("Jenkins"); Colleen Irby ("Irby"); C. Lucas ("Lucas"); and Does 1 through 10 (collectively, "defendants"). Dkt. No. 1.

Plaintiff asserted the following claims: (1) declaratory relief; (2) violation of 15 U.S.C. section 1692(e) (the "FDCPA"); (3) wrongful foreclosure; (4) Glaski claim for wrongful foreclosure; (5) violations of California Business & Professions Code Section 17200 (the "UCL"); (6) violation of a consent judgment and California Law AB 278/SB 900; (7) fraud; and (8) quiet title. Compl. The gravamen of plaintiff's complaint was that defendants wrongfully foreclosed upon her property because they initiated foreclosure proceedings without the legal right to do so.

On July 10, 2015 defendants filed a motion to dismiss plaintiff's complaint. Dkt. No. 11. On September 22, 2015, the Court granted defendants' motion with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-4061-CAS(GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A. | | |

Dkt. 20. On October 23, 2015, plaintiff filed a motion for reconsideration of the Court's order granting defendants' motion to dismiss her complaint. Dkt. 22. Having carefully considered plaintiff's arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b), a Court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Under Rule 60(b) (6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir.2006). In addition, the Ninth Circuit has confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir.2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir.2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed.R.Civ.P. 60(c)(1).

## III. ANALYSIS

In her motion for reconsideration plaintiff raises two arguments in support of her request for reconsideration. First, plaintiff argues that defendants' counsel failed to comply with the "meet and confer" requirement of Central District Local Rule 7-3. Mot., at 2-3. Pursuant to Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."

Here, plaintiff refers generally to defendants' "unwillingness to meet and confer." Mot., at 2. However, plaintiff does not appear to allege that defendants failed to meet and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:15-cv-4061-CAS(GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A. | | |

confer prior to filing their motion to dismiss. Rather, plaintiff states that the parties had scheduled a meeting to discuss filing a stipulation to extend the time for defendants to file an answer to plaintiff's complaint. Id. at 2-3. Plaintiff contends that, "without any notice," defendants subsequently cancelled this meeting. Id. at 3. Even assuming that the events plaintiff alleges are true, it is not clear how defendants' failure to meet and confer regarding an unrelated motion would warrant reconsidering the Court's order granting defendants' motion to dismiss. See, Lal v. California, 610 F.3d at 524 ("To receive relief under Rule 60(b)(6), a party must demonstrate *extraordinary circumstances* which prevented or rendered him unable to prosecute his case." )(emphasis added).

     Second, plaintiff contends that new facts have emerged which justify reconsidering the Court's decision to grant defendants' motion to dismiss. Mot., at 3-4. Specifically, plaintiff states that two new pieces of evidence have emerged: (1) one of the individual defendants, Irby, is actually an agent of defendant CRC, and not defendant Wells Fargo; and (2) the signature of defendant Chapman on a document assigning plaintiff's deed of trust to Wells Fargo was purportedly forged. Id., at 3. As stated above, the basis for all of plaintiff's claims in this action was that defendants wrongfully initiated foreclosure proceedings against her property when they lacked the legal right to do so. If anything, it appears that the evidence plaintiff has identified is intended to provide further support for her allegations that defendants did not have the legal right to initiate foreclosure proceedings against her property. However, "in order for evidence to be considered 'new' for the purpose of Rule 60(b) . . . it must be of such a character that it would change the outcome of the court's prior decision." Beverly v. Network Solutions, Inc., 1998 WL 917526, at *4 (N.D. Cal. Dec. 30, 1998). Here, in the Court's prior order, it did not reach the merits of plaintiff's allegations that defendants wrongfully initiated foreclosure proceedings. See Dkt. 18. Rather, the Court determined that all of plaintiff's claims were barred under the doctrine of res judicata. Id. Specifically, the Court found that plaintiff had previously filed a suit in California state court asserting claims based on the same allegations as plaintiff's claims in the present action. Id. Accordingly, applying California's primary rights doctrine, the Court found that all of plaintiffs claims in the present action arose out of the same "primary right" as her claims in the state court action and had therefore been previously adjudicated. Id. Even assuming that the evidence plaintiff identifies has some bearing on her allegations of wrongful foreclosure, it does not have any bearing on the Court's finding that all of her claims are barred under the doctrine of res judicata. Therefore, the evidence plaintiff has identified does not warrant reconsideration of the Court's prior order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-4061-CAS(GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | TIFFANY LEE V. JP MORGAN CHASE BANK, N.A. | | |

    In accordance with the foregoing, the Court DENIES plaintiff's motion for reconsideration.

    IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |